REDMANN, Judge.
Plaintiff in this suit on a promissory note payable to bearer appeals from a judgment maintaining an accommodation indorser’s peremptory exception of no right of action.
Plaintiff alleged it was the holder and owner of the note. The factual question is whether plaintiff was the holder at the time suit was filed; and the legal question is whether, if plaintiff was not the holder until after suit filed, plaintiff then had no right of action; and whether the absence of a right of action at the filing of suit may be cured by subsequent acquisition of a right of action.
The testimony establishes clearly that the note was given for a loan from trusts, the trustee of which is plaintiff’s attorney in the trial court, and the settlor of which is the owner of plaintiff corporation. When this suit was filed on November 18, 1966, the note was owned by the trusts, and was, quoting plaintiff’s brief, “held for the Sternberg Trusts through December of 1966, by Mr. Moise Steeg, Trustee, and at times by Mr. Manfred Sternberg”, who was the settlor. On December 8, 1966, some 20 days after suit was filed, the settlor personally purchased the note from the trusts, and, he testified, “I put it in one of my corporations, Estate, Inc.,” the next day.
The holder of a note may sue on it, LSA-R.S. 7:51. The bearer, meaning “the person in possession of a bill or note which is payable to bearer,” is a holder, R.S. 7:191.
Perhaps the trustee could, for the trusts as owner, have had plaintiff sue on the bearer note, by delivering possession from himself as trustee to himself as attorney for plaintiff; and the sale to Sternberg personally (apparently accompanied by delivery at some time) might have been accompanied by Sternberg’s assent to plaintiff’s suit continuing for Sternberg, and his possession may have been intended as an agent (if he is one) of plaintiff corporation. But the record does not show these possibilities of finding possession in plaintiff from the filing of suit.
Plaintiff, in spite of the testimony of plaintiff’s witnesses that Steeg or Sternberg personally possessed the note to December, 1966, claims that the note was physically filed into the trial court’s clerk’s office on November 18, 1966, when the petition was filed.
However, plaintiff’s petition refers to a copy being filed; and a photocopy is in the record, stamped “Filed Nov. 21, 1966” (Nov. 18 was a Friday), just as the other three exhibits accompanying the petition were stamped. We cannot conclude the trial judge could not properly have found the original of the note was not filed until December 19, as its filing stamp shows. We believe the note was not filed on November 18, and plaintiff’s argument such filing proves plaintiff then the holder must be rej ected.
Plaintiff did later become the holder and owner of the note it sued on, but at the time it sued it had no right to sue and its petition was then subject to dismissal; and its later acquisition of a right to sue cannot, in our opinion, be allowed to breathe life into a suit which had none when filed. The defect was not in failure to state a right of action, which might be curable by amendment, LSA-C.C.P. art. 934, but failure to have a right of action.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.