714 So.2d 939 (1998)
James H. BROWN, Commissioner of Insurance for the State of Louisiana
v.
ASSOCIATED INSURANCE CONSULTANTS, INC. and Associated Auditors, Inc.
James H. BROWN, Commissioner of Insurance for the State of Louisiana
v.
PHYSICIANS MEDICAL INDEMNITY ASSOCIATION, INC., Physicians Medical Indemnity Association (A Risk Retention Group a/k/a Physicians Mutual Indemnity Association).
James H. BROWN, Commissioner of Insurance for the State of Louisiana
v.
LEME REINSURANCE LIMITED, Numa, Inc., Eric T. Schmidt, John O'Brien, and Gary Bennett.
Nos. 97 CA 1396 to 97 CA 1398.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*940 Gary McGoffin, Lafayette, for Plaintiff/Appellee Robert A. Bourgeois and Louisiana Receivership Offices, Inc.
Jerry F. Pepper, Baton Rouge, for Defendant/Appellant Associated Finance Corporation, et al.
David L. Guerry, Baton Rouge, for Defendant/Appellant Del Norte, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
This is an appeal by certain entities included in a single business enterprise ("SBE") from a judgment of the trial court, maintaining an exception of no right of action and dismissing their application for an injunction. For the following reasons, we affirm.

PROCEDURAL HISTORY
These consolidated matters involve the efforts of the Commissioner of Insurance to liquidate twelve business entities comprising the "Lloyd's Assurance SBE."[1] By judgment rendered June 21, 1994, the trial court ruled that the entities had violated LSA-R.S. 22:733(A)(13) through diversion of the insurers' assets, fraud affecting the insurers and other illegal conduct indicating that the insurers' assets were endangered and diminished, leading to the insolvency of the Lloyd's Assurance SBE. Thus, the trial court ordered liquidation of the entities comprising the Lloyds Assurance SBE. Subsequently, *941 by order dated October 9, 1996, Robert A. Bourgeois was appointed interim Receiver, Rehabilitator and Liquidator with respect to the Lloyd's Assurance SBE, to act in the stead of James Brown, Commissioner of Insurance for the State of Louisiana.
On January 28, 1997, nine of the entities comprising the Lloyd's Assurance SBE, appearing through parties identified in the pleading as their "stakeholders," filed an Application for Injunction and Temporary Restraining Order, seeking to enjoin the transfer of certain mortgage notes which had been owned by these entities. The application for injunction and TRO named as defendants Bourgeois; the Louisiana Receivership Offices, Inc. ("the LROI"); and Del Norte, Inc. The applicants averred that Bourgeois and the LROI had pooled and offered at auction sale real estate mortgages formerly belonging to entities within the Lloyd's Assurance SBE and that Del Norte, Inc. was the successful high bidder. However, the applicants averred that the "net bid price" was substantially less than the fair market value of these assets. Thus, they asserted that the sale would result in substantial losses to the Lloyd's Assurance SBE and should be restrained or enjoined.
The trial court denied the request for a TRO and scheduled a hearing on the application for injunctive relief. Thereafter, Bourgeois and the LROI filed various exceptions, including an exception raising the objection of no right of action. On the day of the hearing on the application for preliminary injunction, the applicants filed a "First Amending and Supplemental Application for Injunction (and Writ of Quo Warranto)," in which the identity of the "stakeholders" was revealed as Eric T. Schmidt and John P. O'Brien, shareholders of these entities.
Following the hearing on the request for preliminary injunction, the trial court maintained the exception of no right of action filed by Bourgeois and the LROI. In oral reasons for judgment, the trial court stated as follows:
Considering the arguments that I have heard here today and the evidence which has been presented, the court is of the opinion that when this company was placed in liquidation back on June 21, 1994 by Judge Landry, that since then the Commissioner has in fact exercised his right of supervision of these various estates, he formed the L.R.O. Mr. Bardwell was appointed to handle these matters. The successor to Mr. Bardwell is Mr. Bourgeois. The Court is of the opinion that Mr. Bourgeois is in fact the proper party to be handling these matters and that the exceptions should be granted and the Court so orders.
By judgment dated February 13, 1997, the trial court maintained the exception of no right of action, dismissing the application for injunction.
From this judgment, Schmidt and O'Brien filed a motion and order for suspensive appeal. However, the trial court granted a devolutive appeal. See LSA-C.C.P. art. 3612.

DISCUSSION
The peremptory exception pleading the objection of no right of action tests whether the particular plaintiff falls, as a matter of law, within the particular class to which the law grants a remedy for the particular harm alleged. LSA-C.C.P. art. 927(A)(5); Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 851 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993). This objection is a threshold device to terminate a suit brought by one who has no interest in enforcing judicially the right asserted. Stafford, 612 So.2d at 851.
Evidence supporting or controverting the exception is admissible, but the objection of no right of action cannot be used simply because there may be a valid defense to the proceeding. To prevail on the exception of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784, pp. 5-6 (La.App. 1st Cir. 4/4/96); 672 So.2d 356, 359.
Appellants, Schmidt and O'Brien, argue that as stockholders of the entities in *942 liquidation, they have a direct interest in preventing waste of assets of the Lloyd's Assurance SBE, and, as such, they have a right to seek to enjoin the sale and transfer of the mortgage notes in question.[2] We disagree.
Louisiana Revised Statutes 22:732 et seq. provide a statutory scheme for rehabilitation and liquidation of domestic insurers. If liquidation or rehabilitation is ordered under this scheme, the trial court directs the Commissioner of Insurance to take possession of the property, business and affairs of the insurer and to rehabilitate or liquidate it, as the case may be. LSA-R.S. 22:735; Bernard v. Fireside Commercial Life Insurance Company, 633 So.2d 177, 185 (La.App. 1st Cir.1993), writ denied, 93-3170 (La.3/11/94); 634 So.2d 839. The Commissioner is vested with title to "all property, contracts, and rights of action of the insurer as of the date of the order directing rehabilitation or liquidation." LSA-R.S. 22:735(A). Where a liquidation order has been entered, the Commissioner shall then proceed to liquidate the property. LSA-R.S. 22:737(A). In furtherance of this duty, the Commissioner may sell or otherwise dispose of property, upon obtaining court approval. LSA-R.S. 22:737(B). Thus, the court has a function in overseeing the actions of the Commissioner.
The officers, directors, owners and agents of the insurer, among others, are charged with a statutory duty to "cooperate with the commissioner in any proceeding under this Part." LSA-R.S. 22:734.1(A). Additionally, LSA-R.S. 22:734 gives the court authority to issue an injunction restraining the insurer and its officers and agents from transacting any insurance business or disposing of its property and to "issue such other injunctions or enter such other orders as may be deemed necessary to prevent interference with the proceedings, ... or to prevent interference with the conduct of the business by the commissioner of insurance...."
This statutory scheme for the liquidation and/or rehabilitation of insurers is comprehensive and exclusive in scope. LeBlanc v. Bernard, 554 So.2d 1378, 1383 (La. App. 1st Cir.1989), writ denied, 559 So.2d 1357 (La.1990). There is no place in this scheme for the entities under order of liquidation to seek to enjoin the sale of assets, approved by the court, to achieve liquidation. To allow the very entities which the Commissioner is charged with liquidating to object to the actions of the Commissioner in furtherance of the liquidation order would clearly allow these entities, through their shareholders, to interfere with the powers and duties of the Commissioner in liquidation, and, in effect, to collaterally attack the liquidation order. See Bernard, 633 So.2d at 185.
Clearly a right of action does not exist in favor of these entities. Moreover, any attempt by these entities to enjoin the Commissioner (through the appointed liquidator) from performing his role as liquidator would clearly violate the exclusivity of the rehabilitation scheme provided by law. See LSA-R.S. 22:734, 734.1(A); see also Bernard, 633 So.2d at 185. We, therefore, find no error in the trial court's judgment maintaining the exception of no right of action.

CONCLUSION
For the above and foregoing reasons, the February 13, 1997 judgment, maintaining the exception of no right of action and dismissing the application for injunction, is affirmed. Costs of this appeal are assessed against Eric T. Schmidt and John P. O'Brien.
AFFIRMED.
NOTES
[1] The Lloyd's Assurance SBE is comprised of the following business entities: Associated Agencies, Inc.; Associated Auditors, Inc.; Associated Insurance Consultants, Inc.; Associated Underwriter, Inc.; GEMAR, Inc.; LEME Reinsurance Limited; Lloyd's Assurance of Louisiana, A Louisiana Partnership; Lloyd's Assurance of Louisiana, Inc.; Physician's Medical Indemnity Association, Inc.; and Physician's Medical Indemnity Association (A Risk Retention Group).
[2] In briefs to this court, appellees, Bourgeois, the LROI and Del Norte, Inc., aver that the basis of appellants' appeal, i.e., enjoining the transfer of the mortgage notes, is now moot. They assert that formal assignment of the notes took place on February 14, 1997. However, there is no evidence in the record to support this assertion. Pursuant to LSA-C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Our Lady of the Lake Hospital v. Vanner, 95-0754, pp. 3-4 (La. App. 1st Cir. 12/15/95); 669 So.2d 463, 465. Thus, we do not address the issue of mootness.