McClendon, j.
12This is an appeal of a judgment, sustaining an exception of no right of action in favor of the defendants and dismissing the action of the plaintiff with prejudice. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On July 24, 2007, Randy Landry Homes, L.L.C. (Landry) and Benjamin Giardina and Michelle Giardina entered into a “Building Contract between Owner and Contractor” for Landry to construct a home for the Giardinas in Thibodaux, Louisiana, for the sum of $531,000.00.[1] Construction began in September 2007, and, as construction progressed, Landry received several draws/deposits totaling $489,273.00. Thereafter, a certifícate of occupancy was issued on June 2, 2008, and the Giardinas occupied the house. On June 26, 2008, Landry executed a “Waiver and Release of Liens” that acknowledged that all liens were released in consideration of the sum of $33,992.39.
On February 13, 2012, Landry filed a “Petition for Breach of Contract and for Damages” against the Giardinas, in which it asserted that it was never paid the $33,992.39 amount, which represented a $10,000.03 retainage on the original contract, plus $23,992.36 for additions and changes to the contract. Alternatively, Landry asserted that the Giardinas were liable to it on open account for the $33,992.39 amount. The Giardinas answered the petition and filed a reconven-tional demand in which they asserted that Landry provided to them the waiver, which acknowledged the receipt and sufficiency of a “final payment” of $33,992.39, and released and discharged any rights Landry had to obtain additional payment for construction of the Giardina home.
Then, on May 9, 2012, the Giardinas filed an exception of no right of action, again asserting that the Waiver and Release of All Liens discharged and released all of Landry’s rights to any further payment.[2] Landry opposed the |aexception, and following a hearing held on July 5, 2012, the trial court granted the exception of no right of action and dismissed Landry’s petition with prejudice.[3] Judgment was signed on July 17, 2012, and Landry-appealed.
DISCUSSION
In its sole assignment of error, Landry contends that the trial court erred in granting the exception of no right of action and dismissing its petition.
An action can only be brought by a person having a real and actual interest which he asserts. LSA-C.C.P. art. 681; Robertson v. Sun Life Financial, 09-2275 (La.App. 1 Cir. 6/11/10), 40 So.3d 507, 511. The function of the exception urging no right of action is to determine whether the *461 plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. LSA-C.CP. art. 927A(6); Babineaux v. Pemie-Bailey Drilling Co., 261 La. 1080, 1096, 262 So.2d 328, 334 (La.1972); Robertson, 40 So.3d at 511. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit; it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Robertson, 40 So.3d at 511.
Evidence is admissible on the trial of an exception of no right of action to support or controvert the objections pleaded, when the grounds for the objections do not appear from the petition. LSA-C.CP. art. 931, However, the exception of no right of action cannot be invoked to determine whether a particular defendant can stand in judgment in a particular case, i.e., whether the right or remedy can be exercised against that defendant. Babineaux, 262 So.2d at 333-34. Objections of no right of action cannot be used simply because there may be a valid defense to the proceeding. Brown v. Associated Ins. Consultants, Inc., 97-1396 (La.App. 1 Cir. 6/29/98), 714 So.2d 939, 941; Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784 (La.App. Cir. 4/4/96), 672 So.2d 356, 359. The exception does not raise the question of the plaintiffs ability to prevail on the merits, nor the question of whether the defendant may have a valid defense. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155, 1158 (La.App. 1 Cir.1992).
Whether a plaintiff has a right of action is a question of law and is therefore reviewed de novo on appeal. Gibbs v. Delatte, 05-0821 (La.App. 1 Cir. 12/22/05), 927 So.2d 1131, 1135, writ denied, 06-0198 (La.4/24/06), 926 So.2d 548.
In this matter, Landry asserted in its petition that it executed a contract with the Giardinas for the construction of a house and that after the Giardinas occupied the house, they failed to pay the remaining balance due under the contract. Landry, as the contractor on this project, is the only party that could possibly have the right to pursue payment under the contract. Landry’s breach-of-contract petition clearly places it in the class of persons for whose interest the stated cause of action is provided. Landry has alleged an interest or right of action in its favor.
In filing the exception raising the objection of no right of action, the Giardinas were seeking to present evidence to disprove Landry’s allegations. The evidence they presented that Landry signed a waiver of all claims does not pertain to Landry’s interest in the cause of action. It is immaterial that the Giardinas may have a valid defense to Landry’s claim. The alleged basis of the exception is not properly the subject matter for the objection of no right of action, but addresses the issue of Landry’s liability. As such, it is a matter of defense to be presented on the merits or otherwise preliminarily raised through an appropriate exception or motion.[4] The Giardinas’ use of the exception of no right of action was improper and the trial court erred in sustaining the objection. See Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212, 1215 (La.App. 1 Cir.1977).
*462 I,CONCLUSION
The July 17, 2012 judgment of the trial court, sustaining the exception raising the objection of no right of action filed by Benjamin Giardina and Michelle Giardina and dismissing the claims of Randy Landry Homes, L.L.C., is reversed, and this matter is remanded to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed to the Giardinas.
REVERSED AND REMANDED.

. It is undisputed that Randy Landry is the sole member of Randy Landry Homes, L.L.C.

. The pleading was entitled "Exception of No Right of Action with Motion for Summary Judgment and Motion for Partial Summary Judgment and Memorandum in Support.”

. After sustaining the exception, the trial court determined that the motions for summary judgment were moot.

. We note that our ruling herein renders the summary judgment motions filed by the Giar-dinas, no longer moot.