McClendon, j.
|2In this appeal, a defendant/third-party plaintiff insurance company appeals a trial court judgment that granted the exception of no right of action filed by the third-party defendants and dismissed the third-party demand. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 28, 2014, Benny Jones’s home in Tickfaw, Louisiana, was damaged by fire.[1] Thereafter, Mr. Jones submitted a claim with his homeowner’s insurer, Americas Insurance Company (Americas), naming Claims Consulting and Contracting, LLC (CCC) as his claims appraiser. On May 14, 2014, Americas issued a check payable to “Benny Jones & Magee Financial LLC” in the amount of $76,478.73, According to Americas, the check was forwarded to Mr. Jones on May 15, 2014, for damages to his home. Magee Financial, LLC (Magee) was the mortgagee of Mr. Jones’s property and listed as the mortgagee and additional interest on the policy’s declaration page.
Thereafter, the check was signed by Mr. Jones and contains a stamp by “Magee Financial LLC” evidencing its endorsement. Below the endorsements of Mr. Jones and Magee was a handwritten notation that stated, “Pay to the order of Claims Consulting & Contracting” and, below that notation, Maria Odeh signed her name on behalf of CCC.[2] The check was deposited on October 2, 2014, into CCC’s Capital One bank account.[3]
Subsequently, Magee advised CCC, through its attorney, on December 11, 2014, that “Magee Financial LLC did not endorse or authorize endorsement of said check, and that no employee or agent of Magee Financial LLC endorsed or authorized endorsement. The stamp on the check purporting to be that of Magee Financial LLC is Lfraudulent.” In February 2015, the funds were taken from CCC’s account and returned to Americas.[4]
On July 20, 2015, Mr. Jones filed a petition for damages against Americas, among others, alleging that Americas failed to fulfill its obligations under the insurance policy. Thereafter, on October 28, 2015, Americas filed an answer and third-party demand, naming as third-party defendants, Maria Odeh a/li/a Maria Les Camelas, Nader “Anthony” Odeh, and CCC, and asserting that the third-party defendants committed fraud in purposefully and deliberately attempting to circumvent payment to Magee. Americas filed a *540 First Supplemental and Amending Third Party Demand on January 4, 2016. In its third-party demand, Americas specifically alleged negligence, pursuant to LSA-C.C. art 2315; civil conspiracy, pursuant to LSA-C.C. art. 2324; civil conversion; violation of Louisiana’s Unfair Trade Practices and Consumer Protection Law (LUT-PA), LSA-R.S. 51:1401, et. seq.; and unfair trade practices under. LSA-R.S. 22:1964(Í3). Americas claimed that it suffered damages in that it “was exposed to a double payment to Magee and the inconvenience suffered by Americas in reissuing the insurance proceeds check.” Americas also asserted a claim for damages, including: “[rjeimbursement of all insurance proceeds paid as a part of [the] scheme to defraud Magee arising out of the service agreement;” “[d]amages pursuant to all Louisiana Revised Statutes;” attorney fees; court costs; intérest; punitive damages; and all other fair and equitable relief.
On November 23, 2015, in response to the third-party demand, the third-party defendants filed- a pleading entitled “Exception of Improper Venue, No Right of Action, No Cause of Action, Peremption, and Request for Attorneys’ Fees arid Sanctions for Bad Faith Filing under Louisiana Code of Civil Procedure Article 863.” Thereafter, on December 17, 2015, prior to the healing on the exceptions, Americas filed Interrogatories, Request for Production of Documents, and Request for Admissions upon the third-party defendants, and the third-party defendants responded by filing a motion for protective order, asserting an abuse of. the discovery rules.
l4On February 29, 2016, the, trial court heard the pending motions and exceptions. Following argument, the trial court sustained the third-party defendants’ "exception of no right of action and dismissed Americas’s third-party demand with prejudice. The court deferred ruling on all of the other exceptions and the motion for protective order. The trial court signed a judgment on March 16, 2016, and Americas appealed, assigning the following as error:
1. The trial court erred in granting the third-party defendants’ exception of no right of action because the trial court misapplied the law, because a) it, failed to consider extrinsic evidence, and b) the third-party defendants failed to meet their burden of proof; and.
2. The trial court erred in sustaining the third-party defendants’ exception of no right of action before responses to written discovery were received from the third-party defendants, which resulted in significant prejudice and harm to Americas.
DISCUSSION
An action can only be brought by a person having a real and actual interest which he asserts.’ LSA-C.C.P. art. 681; Randy Landry Homes, LLC v. Giardina, 12-1669 (La.App. 1 Cir. 6/7/13), 118 So.3d 459, 460. The function of the exception urging rib right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. LSA-C.C.P. art. 927A(6); Randy Landry Homes, 118 So.3d at 460-61. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit;' it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Randy Landry Homes, 118 So.3d at 461.
The exception does not raise the question of the plaintiffs ability to prevail on the merits nor the question of whether *541 the defendant may have a valid defense. OXY USA Inc. v. Quintana Production Co., 11-0047 (La.App. 1 Cir. 10/19/11), 79 So.3d 366, 376, wit denied, 12-0024 (La. 3/2/12), 84 So.3d 536. Unlike the objection of no cause of action, evidence supporting or controverting an objection of no right of action |Bis admissible on the trial of the exception for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist. LSA-C.C.P. art 931[5]; OXY USA, 79 So.3d at 376. The party raising a peremptory exception bears the burden of proof. To prevail on a peremptory exception pleading the objection'of no right of action, the defendant must show that the-plaintiff does not have an interest in' the subject matter of. the suit or legal capacity to proceed with .the suit. Id.
Whether a plaintiff has a right of action is a question of-law and is therefore reviewed de novo on appeal. Randy Landry Homes, 118 So.3d at 461. Appellate review of question's of law is simply to determine whether the trial court was legally correct. LaCombe v. McKeithen, 04-1880 (La.App. 1 Cir. 8/30/04), 887 So.2d 48, 51, writ denied, 04-2240 (La. 9/2/04), 882 So.2d 588. On legal issues, an appellate court gives no special weight to the findings of the trial court but, instead, exercises its constitutional duty to review questions of law and render a judgment on the record. City of Baker School Bd. v. East Baton Rouge Parish School Bd., 99-2505 (La.App. 1 Cir. 2/18/00), 754 So.2d 291, 292-93.
In this matter, the trial court found no contractual relationship or fiduciary relationship between the third-party defendants and Americas. It identified the relationship between Mr. Jones and Americas under the insurance policy, and also found that Americas owed Magee certain duties under the insurance policy as the mortgagee of Mr. Jones’s property. However, because the trial court found that no relationship existed between the third-party defendants and Americas, it determined that the third-party defendants owed no legal duty to Americas. The court stated that the funds were intended for the benefit of Magee, who was not a party to this suit, and that the funds were paid to Ma-gee, who has not' sought any relief. Therefore, the trial court concluded, if any right of action existed, it would belong to Ma-gee.
Initially, we note that the trial court incorrectly stated in its written reasons that “in reviewing the No Right of Action one must look at the pleadings alone in |fidetermining whether a right exists.” Americas argues that this misapplication of the-law requires reversal of the trial court’s judgment. Americas asserts that 'the trial court erred because it did not appear to consider evidence submitted with its third-party demand and with its opposition to the third-party defendants’ exceptions. However, because our standard of review on the peremptory exception raising the objection of no right of action is de novo, we owe no deference to the ruling of the trial court on an objection of no right of action. See Jenkins v. City of Baton Rouge, 14-1235 (La.App. 1 Cir. 3/9/15), 166 So.3d 1032, 1036.
Americas additionally contends that during the hearing on the exception, the trial court refused its request to have Mr. Odeh testify. Americas asserts that this failure deprived it of the procedural *542 opportunity to present evidence to substantiate its right of action, and it cites Eubanks v. Hoffman, 96-0629 (La.App. 4 Cir. 12/11/96), 685 So.2d 597, in support of its argument. However, in Eubanks, an exception of no right of action was not filed by any of the parties, Mr. Eubanks’s right of action was never questioned during the trial, and the trial court raised it for the first time after trial. The first notice to Mr. Eubanks that his right of action was at issue was in the trial court’s judgment and reasons for judgment that decided the entire case. Eubanks, 685 So.2d at 599. See LSA-C.C.P. arts. 929 and 931. Such is not the case before us. The record in this matter does not show that Americas was denied the opportunity to present evidence. In fact, the minute entry for February 29, 2016, does not indicate that any evidence was introduced at the hearing, nor does it show that a proffer was made. Further, no transcript of the hearing has been provided to this court.[6] There is nothing in the record to suggest that the trial court refused to hear live testimony at the hearing or that Americas offered to have Mr. Odeh testify.
Our examination begins with the pleadings. See Gisclair v. Louisiana Tax Com’n, 10-0563 (La. 9/24/10), 44 So.3d 272, 274 (per curiam) (quoting Howard v. Administrators of Tulane Educational Fund, 07-2224 (La. 7/1/08), 986 So.2d 47, 60). As is customary on consideration of an objection of no right of action, the averments of fact in the pleadings will be taken as true in the absence of evidence to the contrary. Niemann v. Crosby Development Co., L.L.C., 11-1337 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039, 1046.
Americas has made allegations of negligence, civil conspiracy, civil conversion, LUTPA violations, and unfair trade practices, based on the fraudulent endorsement of the check. Under Louisiana Civil Code Article 2315, a person may recover damages for injuries caused by a wrongful act of another. In Louisiana, conversion is an intentional tort and consists of an act in derogation of the plaintiffs possessory rights. The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner’s rights. Any wrongful exercise or assumption of authority over another’s goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Aymond v. State, Dept. of Revenue and Taxation, 95-1663 (La.App. 1 Cir. 4/4/96), 672 So.2d 273, 275. See also Melerine v. O’Connor, 13-1073 (La.App. 4 Cir. 2/26/14), 135 So.3d 1198, 1203. The intent required for a conversion is not necessarily that of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the owner’s rights. Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116, 121 (La. 1986).
Louisiana Revised Statutes 10:3-420, conversion of instrument, provides, in pertinent part:
(a) An instrument is converted when
[[Image here]]
(iii) it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect *543 to the instrument for a person not entitled to enforce-the instrument or receive payment.
(b) An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or
(ii)a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or co-payee or (iii) by the drawer.
|sIn ASP Enterprises, Inc. v. Guillory, 08-2235 (La.App. 1 Cir. 9/11/09), 22 So.3d 964, 973, writ denied, 09-2464 (La. 1/29/10), 25 So.3d 834, we held that claims for conversion and negligence,- grounded in general Louisiana law outside the ambit of the Louisiana Uniform Commercial Code (UCC), are displaced by the UCC. See also Hardin Compounding Pharmacy, LLC v. Progressive Bank, 48,397 (La.App. 2 Cir. 9/25/13), 125 So.3d 493, 498, writ denied. 13-2517 (La. 1/27/14), 131 So.3d 60 (“This court and other state courts have consistently held that when the facts satisfy 10:3-420’s definition of conversion of instruments, this statute supplants other general laws regarding personal actions and breach of fiduciary duty claims.”) and Innovative Hospitality Systems, L.L.C. v. Abe’s Inc., 10-509 (La.App. 3 Cir. 12/8/10), 52 So.3d 313, 316 (“The UCC displaces the Louisiana law applicable to negligent acceptance, ' payment, or presentment of a forged check by a depositary bank prior to its enactment. La. R.S. 10:1-103.”).[7] See also Robertson v. Sun Life Financial, 09-2275 (La.App. 1 Cir. 6/11/10), 40 So.3d 507. Accordingly, if Americas’s allegations as set forth in its third-party demand are accepted as true, then LSA-R.S. 10:3-420 of the UCC does not provide Americas, as the issuer of. the check, with a right of action in its negligence-based or civil conversion claims.
With regard to Americas’s claim of civil conspiracy, Louisiana Civil Code Article 2324A provides that “[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.” However, Article 2324 does not by itself impose liability for a civil conspiracy. The actionable element in a claim under this article is not the conspiracy itself, but rather the tort, which the conspirators agreed to perpetrate and which they actually commit in whole or in part. Ross v. Conoco, Inc., 02-0299 (La. 10/15/02), 828 So.2d 546, 552. Accordingly, for the reasons set forth above, Americas has no right of action for a civil conspiracy claim.
. Regarding Americas’s claim under LSA-R.S. 22:1964(13), LSA-R.S. 22:1961, et seq., entitled Unfair Trade Practices, provides a detailed enforcement mechanism by which the Commissioner of Insurance is empowered to investigate allegations of unfair methods of competition or unfair or deceptive acts in the insurance business, to hold hearings, to issue cease and desist orders, to 'assess monetary penalties against violators, and to suspend or revoke the license of violators. See LSA- *544 R.S.22:1967, 1968,1969 and 1970. No provision in this statutory, scheme, however, creates a cause of action in favor of a person allegedly injured by unfair trade practices in the insurance business as set forth in LSA-R.S, 22:1964. Klein v. American Life & Cas. Co., 01-2336 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, 533, writs denied, 03-2073, 03-2101 (La. 11/7/03), 857 So.2d 497, 499; Clausen v. Fidelity and Deposit Co. of Maryland, 95-0504 (La. App. 1 Cir. 8/4/95), 660 So.2d 83, 86, writ denied, 95-2489 (La. 1/12/96), 666 So.2d 320. Consequently, because the right of action under LSA-R.S, 22:1961, et seq., belongs to the Commissioner of Insurance, we find that the trial court did not err in granting the exception of no right of action as to this claim. See Tobin v. Jindal, 11-1004 (La.App. 1 Cir. 2/10/12), 91 So.3d 329, 334.
As to Americas’s claim against the third-party defendants under LUTPA, the legislation specifies that “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” LSA-R.S. 51.-1405A. Because of the broad sweep of this language,. Louisiana courts determine what is a LUTPA violation on a case-by-case basis. Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc., 13-1582 (La. 5/7/14), 144 So.3d 1011, 1025. “Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recbver actual damages.” LSA-R.S. 51:1409A.
| ^Louisiana Revised Statutes 51:1402, the definition portion of LUTPA, provides, in pertinent part:
(1) “Consumer” means any person who uses, purchases, or leases goods or services.
⅜ ⅜ ¾»
(2) “Consumer transaction” means any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family, or household use.
* * *
(10) “Trade” or “commerce” means the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state.
The Louisiana Supreme Court has recognized that any person, not just a competitor or consumer, has standing to sue under LUTPA, stating that “LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person’s use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade, or commerce.” Cheramie Services, Inc. v. Shell Deepwater Production, Inc., 09-1633 (La. 4/23/10), 35 So.3d 1053, 1057.
Americas has alleged that it was damaged as a result of the third-party defendants’ unfair practices. Specifically, Americas asserted that Mr. Jones and the third-party defendants éngaged in a calculated scheme to deprive Magee, out of its entitlement to insurance proceeds to the detriment of Americas in violation of LUTPA. However, we find that based on the facts alleged herein, Americas does not fall within the class of persons LUTPA was meant to 'protect.
*545 Accordingly, we find that the trial court was legally correct in granting the peremptory exception raising the objection of no right of action filed by the third-party defendants. Further, when the grounds of the objection cannot be removed, a plaintiff Inneed not be given an opportunity to amend. LSA-C.C.P. art. 934.[8] Here, Americas cannot remove the grounds of the objection because the law provides it with no legal remedy, and it cannot cure the defect by amending the petition. The defect was not in the failure to state a right of action, which might be curable by amendment, but in the failure to have a right of action. See Estate, Inc. v. Southern Land Title Corp., 230 So.2d 341, 342 (La.App. 4 Cir. 1970). See also Gisclair, 44 So.3d at 280-81.[9]
CONCLUSION
Considering the foregoing, we affirm the March 16, 2016 judgment of the trial court in favor of the third-party defendants, Maria Odeh, Anthony Odeh, and Claims Consulting and Contracting, LLC. Costs of this appeal are assessed to the third-party plaintiff, Americas Insurance Company.
AFFIRMED.
Whipple, C.J. concurs.

. Although Mr. Jones was identified as "Bennie" in the petition in this matter, the record indicates that his first name is actually "Benny.”

. Maria Odeh is the wife of Anthony Odeh, the sole officer and manager of CCC.

. In connection with several exceptions filed by the third-party defendants, Mr. and Mrs. Odeh each submitted an affidavit attesting that they did not place any endorsement for Magee on the check and that the funds deposited by CCC were for work performed in fixing and repairing Mr. Jones’s home.

.Americas averred and admitted in its third-party demand that the funds were returned to Americas.

. Louisiana Code of Civil Procedure Article 931 provides, in pertinent part:
On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.

. The appellant bears the burden of furnishing the appellate court with a record of the proceedings below. When the record lacks a transcript that is pertinent to an issue raised on appeal, the inadequacy of the record is attributable to the appellant. Byrd v. Pulmonary Care Specialists, Inc., 16-0485 (La.App. 1 Cir. 12/22/16), 209 So.3d 192, 196; Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8, 10 (La.App. 1 Cir.), writ denied. 629 So.2d 1180 (La. 1993).

. Louisiana Revised Statutes 10:1-103, titled “Construction of Uniform Commercial Code to promote its purposes and policies; applicability of supplemental principles of law,” sets forth the purpose of the UCC and provides:
(a) This Title shall be liberally construed and applied to promote its underlying purposes and policies, which are;
(1)to simplify, clarify, and modernize the law governing commercial transactions;
(2) to permit the continued expansion of commercial practicés through custom, usage, and agreement of the parties; and
(3) to promote uniformity of the law among the various jurisdictions.
(b) Unless displaced by the particular provisions of this Title, the other laws of Louisiana supplement its provisions.

. Louisiana Code of Civil Procedure Article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

. Our decision on the exception of no right of action pretermits our consideration of Americas’s second assignment of error.