## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2018 CA 1400

### POULE D'EAU PROPERTIES, L.L.C.

### VERSUS

### TLC PROPERTIES, INC. AND THE LAMAR COMPANY, L.L.C.

*DATE OF JUDGMENT:*  JUN 1 6 2020

ON APPEAL FROM THE THIRTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 179945, DIVISION E, PARISH OF TERREBONNE
STATE OF LOUISIANA

HONORABLE RANDALL L. BETHANCOURT, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Mark A. Hill<br>Randolph Jean Waits<br>Matthew Francis Popp<br>Jordan Teich<br>New Orleans, Louisiana<br><br>Andre C. Broussard, Jr.<br>Houma, Louisiana | Counsel for Plaintiff - Appellant<br>Poule D'eau Properties, L.L.C. |
| Daniel B. Centner<br>Rose McCabe LeBreton<br>New Orleans, Louisiana | Counsel for Defendants – Appellees<br>TLC Properties, Inc. and Lamar<br>Advertising of Louisiana, L.L.C. |

\* \* \* \* \* \*

BEFORE: McCLENDON, WELCH, THERIOT, CHUTZ, AND LANIER, JJ.

Disposition: **REVERSED AND REMANDED.**

**CHUTZ, J.**

Plaintiff-appellant, Poule D'eau Properties, L.L.C. (Poule D'eau), appeals the dismissal on an exception raising the objection of no right of action of its claims seeking a declaration of ownership and the eviction of defendants-appellees, TLC Properties, Inc. and Lamar Advertising of Louisiana, L.L.C.[1] (collectively, Lamar), from a tract of immovable property. For the following reasons, we reverse and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Joseph Duplantis, Jr. and Rosemary Whipple Duplantis owned an approximately 72-acre tract of land in Terrebonne Parish, which constituted community property. Following Rosemary's death, Joseph was recognized in a judgment of possession as the owner of an undivided one-half interest in the property. The judgment also recognized that Joseph held a usufruct until death or remarriage over the remaining one-half of the property, which was owned equally in indivision by Joseph and Rosemary's six children (the Duplantis heirs). On September 4, 2007, Joseph, representing that he was the sole record owner of the property, granted a billboard easement in the form of a perpetual servitude[2] to Lamar. The servitude was recorded on September 12, 2007 in the Terrebonne Parish conveyance records.

Following Joseph's death, the Duplantis heirs contacted Lamar through an attorney in August 2010, asserting the servitude was invalid due to their lack of

---

[1] Incorrectly named in Poule D'eau's petition as "TLC Properties, LLC" and "The Lamar Company, L.L.C." respectively.

[2] Under Louisiana jurisprudence, the common-law word "easement" is the same as the Louisiana "servitude." *Quibodeaux v. Andrus*, 04-766 (La. App. 3d Cir. 11/10/04), 886 So.2d 1258, 1261; *Rose v. Tennessee Gas Pipeline Company*, 508 F.3d 773, 776-77 (5th Cir. 2007); see also *Humble Pipe Line Company v. Wm. T. Burton Industries, Inc.*, 253 La. 166, 217 So.2d 188, 192 (1968). For the sake of consistency, we will use the term "servitude" throughout this opinion.

consent thereto. In July 2011, the Duplantis heirs again contacted Lamar through an attorney regarding the servitude and unsuccessfully attempted to renegotiate the servitude agreement. It appears the Duplantis heirs took no formal legal action regarding the servitude, and they later sold the property to Poule D'eau in 2016. Poule D'eau was aware when it purchased the property of both the existence of the servitude and the alleged defect therein.

On April 6, 2017, Poule D'eau sent a formal notice to vacate to Lamar via certified mail. Lamar declined to vacate the property. On May 16, 2017, Poule D'eau filed a petition captioned, "Petition for Petitory Action Seeking Declaratory Judgment and Eviction of Defendants." Poule D'eau requested a declaratory judgment declaring it to be the sole owner of all rights over the immovable property, as well as the eviction of Lamar. Lamar filed an answer, affirmative defenses, and exceptions, including a peremptory exception raising the objections of no right of action and prescription.

After a hearing, the district court took the matter under advisement. On April 13, 2018, the district court sustained the defendants' exception of no right of action and dismissed all of Poule D'eau's claims, with prejudice. In light of this ruling, the district court deemed it unnecessary to address Lamar's exception of prescription. Poule D'eau now appeals, arguing in a single assignment of error that the district court erred in concluding it had no right of action to bring its claims against the defendants.

**DISCUSSION**

Poule D'eau argues it has a right of action to evict the defendants because, as owner of the subject property, it has a right of action against anything burdening its property, including the servitude at issue. Poule D'eau further contends it has a right to challenge the servitude because, due to the lack of consent by the Duplantis heirs, the servitude granted by Joseph is an absolute nullity that anyone can raise, including

3

the property's current owner. Finally, Poule D'eau argues that Lamar is a possessor in bad faith because the execution of the servitude granted by Joseph is considered "suspended" under La. C.C. art. 714 because of the co-owners' lack of consent.[3]

In opposition, Lamar argues that Poule D'eau's claims are dependent on annulling the servitude agreement, which it has no right of action to do. Specifically, Lamar contends that the alleged lack of consent by the Duplantis heirs to the servitude agreement constitutes a relative nullity only the heirs themselves can raise. Lamar further contends that even if Poule D'eau did have a right of action, its claims are prescribed under the five-year prescriptive period provided by La. C.C. art. 2032 for an action to annul a relatively null contract.

It is clear that an action can only be brought by a person having a real and actual interest that he asserts. La. C.C.P. art. 681; *Randy Landry Homes, LLC v. Giardina*, 12-1669 (La. App. 1st Cir. 6/7/13), 118 So.3d 459, 460. The function of the exception urging no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927(A)(6); *Randy Landry Homes*, 118 So.3d at 460-61. The focus on an exception of no right of action is on whether the particular plaintiff has a right to bring the suit. It assumes that the petition states a valid cause of action for some person and questions whether the plaintiff is a member of the class that has a legal

---

[3] Poule D'eau did not raise any argument regarding Article 714 in the district court. Lamar asserts Poule D'eau, therefore, should not be allowed to raise the argument for the first time in its reply brief on appeal. Rule 1-3 of the Uniform Rules of the Louisiana Courts of Appeal states that an appellate court "will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, *unless the interest of justice clearly requires otherwise.*" (Emphasis added.) Further, La. C.C.P. art. 2164 gives an appellate court authority to "render any judgment which is just, legal, and proper upon the record on appeal." Considering that Poule D'eau has consistently challenged the validity of the servitude granted by Joseph, and further considering the fact that both parties have briefed this particular argument on appeal, we find the argument regarding Article 714 proper for our consideration. See La. C.C.P. art. 2164; *Thompson v. Winn-Dixie Montgomery, Inc.*, 15-0477 (La. 10/14/15), 181 So.3d 656, 665; *Merrill v. Greyhound Lines, Inc.*, 10-2827 (La. 4/29/11), 60 So.3d 600, 602.

interest in the subject matter of the litigation. ***Randy Landry Homes***, 118 So.3d at 461.

The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. ***OXY USA Inc. v. Quintana Production Company***, 11-0047 (La. App. 1st Cir. 10/19/11), 79 So.3d 366, 376, writ denied, 12-0024 (La. 3/2/12), 84 So.3d 536. Unlike the objection of no cause of action, evidence supporting or controverting an objection of no right of action is admissible on the trial of the exception for the purpose of showing that the plaintiff does not possess the right he claims. See La. C.C.P. art 931; ***OXY USA Inc.***, 79 So.3d at 376. The party raising a peremptory exception bears the burden of proof. ***OXY USA Inc.***, 79 So.3d at 6.

Additionally, the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action. Accordingly, if a plaintiff has a right of action as to any one of the theories or demands for relief set forth in his petition, the exception of no right of action should be overruled. ***State, by and through Caldwell v. Astra Zeneca AB***, 16-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 43, writs denied, 18-0766, 18-0758 (La. 9/21/18), 252 So.3d 899 and 904. Whether a plaintiff has a right of action is a question of law subject to *de novo* review on appeal. ***Randy Landry Homes***, 118 So.3d at 461.

Initially, we note that while Joseph owned one-half of the property in question, he held only a usufruct over the remaining one-half of the undivided property. Therefore, in order to establish a servitude on the entire property, including the one-half portion owned by the Duplantis heirs, Joseph needed either the consent of the Duplantis heirs or an express grant of authority from them. La. C.C. arts. 568, 645, 711,[4] 714, and 805. Yet, even though the Duplantis heirs did not consent to the

---

[4] Article 711 provides that "[t]he usufructuary may not establish on the estate of which he has the usufruct any charges in the nature of predial servitudes."

5

servitude or authorize Joseph to grant it, a lack of consent to a contract generally constitutes a relative nullity, rather than an absolute nullity. See La. C.C. art. 2031; *Rowan v. Town of Arnaudville*, 02-0882 (La. App. 3d Cir. 12/11/02), 832 So.2d 1185, 1190. Further, an action to ratify or nullify a real estate contract affecting a landowner's property due to his lack of consent is a personal action that belongs to the landowner. If the landowner subsequently sells the property, his personal right to challenge the contract on that basis is not transferred to the buyer of the property in the absence of a special assignment of rights to the buyer. *Good v. Laird*, 41,205 (La. App. 2d Cir. 6/30/06), 935 So.2d 809, 813-14; *Rowan*, 832 So.2d at 1189; see also Official Comment (d) to La. C.C. art. 1764.

No evidence was presented in this case that the Duplantis heirs assigned their personal right to challenge the servitude to Poule D'eau. Accordingly, because Poule D'eau has no right to assert a personal action belonging to the Duplantis heirs, it has no right to assert any claims that are dependent on nullifying the servitude agreement due to the absence of the co-owners' consent. Nevertheless, this fact is not dispositive of this appeal because, contrary to Lamar's contention, not all of the claims raised by Poule D'eau's petition are dependent on nullifying the servitude agreement.

Louisiana is a fact pleading state that favors substance over form. Thus, recovery may be granted under any legal theory supported by the facts. La. C.C.P. arts. 854 and 891; *Griffin v. BSFI Western E & P, Inc.*, 00-2122 (La. App. 1st Cir. 2/15/02), 812 So.2d 726, 736. In its petition, Poule D'eau alleged, among other facts, that despite amicable demand to vacate its property, Lamar refused to vacate due to the servitude that was granted by Joseph without the consent of the property's co-owners. Poule D'eau further alleged it was entitled to evict Lamar from its wrongful possession of Poule D'eau's property because the servitude Lamar relied upon as authority for being on the property was void.

6

In support of its position, Poule D'eau relies on Article 714, which provides that "[w]hen a co-owner purports to establish a servitude on the entire estate, the contract is not null; but, *its execution is suspended until the consent of all co-owners is obtained.*" (Emphasis added.) Poule D'eau correctly points out that, in the absence of the co-owners' consent, Lamar's right to use the servitude is suspended by operation of law pursuant to Article 714. Under that provision, the servitude's execution is suspended until the consent of the co-owners is obtained, either voluntarily or judicially. *Hightower v. Maritzky*, 194 La. 998, 195 So. 518, 523 (1940); *Greater Baton Rouge Port Commission v. Morley*, 232 La. 87, 96, 93 So.2d 912, 915 (1957); *Savoie v. Bills*, 317 So.2d 249, 256 (La. App. 3d Cir.), writ dismissed, 320 So.2d 554 (La. 1975). Thus, a trespass claim in this case is not dependent on nullifying the servitude, but in establishing that because the execution of the servitude is suspended, Lamar's billboards are on Poule D'eau's property without legal or contractual authority. As the owner of the property in question, Poule D'eau has a right to bring an action to evict Lamar for trespassing on its property. Therefore, because we find that Poule D'eau has a right of action as to at least one of the theories or demands for relief set forth in its petition, the district court erred in sustaining Lamar's exception of no right of action. See *State, by and through Caldwell v. Astra Zeneca AB*, 249 So.3d at 43.

We are unpersuaded by Lamar's argument that even if we consider Article 714 in this appeal, no suspension of the servitude occurred because the Duplantis heirs acquiesced to the servitude by allowing the billboards to remain in place, attempting to renegotiate the servitude on two occasions, and various other acts and omissions. Lamar also contends that once the Duplantis heirs became owners of the entire property upon Joseph's death, the servitude granted by Joseph burdened the

7

entire property under La. C.C. art. 719.[5] These arguments concern defenses to Poule D'eau's claims. Whether Lamar has valid defenses to Poule D'eau's claims or whether Poule D'eau will ultimately prevail are not matters contemplated by the exception of no right of action. See *Bannister Properties, Inc. v. State*, 18-0030 (La. App. 1st Cir. 11/2/18), 265 So.3d 778, 787, writ denied, 19-0025 (La. 3/6/19), 266 So.3d 902; *OXY USA Inc.*, 79 So.3d at 376. These defenses should be considered in conjunction with the merits of this matter, rather than in connection with Lamar's exception of no right of action.

Finally, Lamar contends that regardless of whether Poule D'eau has a right of action, any right it has to challenge the servitude is prescribed under La. C.C. art. 2032, which provides a five-year prescriptive period for actions to annul a relatively null contract. We note, however, that the district court expressly declined to address Lamar's exception of prescription once it sustained the exception of no right of action. As a general rule, appellate courts will not consider issues that were not addressed by the lower court. *Stewart v. Livingston Parish School Board*, 07-1881 (La. App. 1st Cir. 5/2/08), 991 So.2d 469, 474; *Gremillion v. Gremillion*, 10-0005 (La. App. 3d Cir. 7/7/10), 43 So.3d 1063, 1068, writ denied, 10-2125 (La. 12/10/10), 51 So.3d 726. Under article 5, § 10 of the Louisiana Constitution, courts of appeal have broad supervisory jurisdiction; however, even with such broad power, this court will not act on the merits of a claim not yet acted upon by the lower tribunal. *Jordan v. City of Baton Rouge*, 93-2125 (La. App. 1st Cir. 3/10/95), 652 So.2d 701, 705 n.5. Hence, we decline to consider the issue of prescription since that issue was not determined in the judgment before us on appeal. See *Hudson v.*

---

[5] Article 719 provides, in pertinent part:

> [T]he successor of the co-owner who has consented to the establishment of a predial servitude, whether on the entire estate owned in indivision or on his undivided part only, occupies the same position as his ancestor. If he becomes owner of a divided part of the estate the servitude burdens that part, and if he becomes owner of the whole the servitude burdens the entire estate.

8

*East Baton Rouge Parish School Board*, 02-0987 (La. App. 1st Cir. 3/28/03), 844 So.2d 282, 285; *Knabel v. Lewis*, 00-1464 (La. App. 1st Cir. 9/28/01), 809 So.2d 314, 319, writ denied, 01-2892 (La. 3/8/02), 811 So.2d 886.

## CONCLUSION

For the reasons assigned, the judgment of the district court sustaining the peremptory exception of no right of action and dismissing the claims of plaintiff-appellant, Poule D'eau Properties, Inc., is reversed. This matter is remanded to the district court for further proceedings in accordance with this opinion. Defendants-appellees, TLC Properties, Inc. and Lamar Advertising of Louisiana, L.L.C., are to pay all costs of this appeal.

**REVERSED AND REMANDED.**

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CA 1400

POULE D'EAU PROPERTIES, LLC

VERSUS

TLC PROPERTIES, INC. AND THE LAMAR COMPANY, LLC

**THERIOT, J., dissenting and assigning reasons.**

I agree with the majority that Poule D'eau has no right to assert a personal action belonging to the Duplantis heirs and thus, has no right to assert any claims that are dependent on nullifying the servitude agreement due to the absence of the co-owners consent. However, I disagree that Poule D'eau's claim under La. C.C. art. 714 is relevant to whether it has a right of action. As the majority correctly sets forth, La. C.C. art. 714 provides that the failure of consent to a co-owner does not nullify a servitude, but rather suspends its execution until the consent of all co-owners is obtained. Whether the execution of the servitude was suspended or not, the co-owners (Duplantis heirs) had to take action to have it so declared. Since Poule D'eau does not have the right to bring any suit asserting any action that is personal to the Duplantis heirs, it has no right to bring a claim to have the servitude declared suspended or otherwise to evict Lamar under La. C.C. art. 714. Accordingly, I find that Poule D'eau failed to establish that it has a right of action against Lamar, and I would affirm the judgment of the trial court. Thus, I respectfully dissent.