THERIOT, J.
lifin this case involving the annexation of property into the City of Baton Rouge, the plaintiff opposing the annexation has appealed from a district court judgment sustaining an exception raising the objection of no right of action and dismissing his petition with prejudice. For the reasons set forth herein, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 2, 2014, the owners of certain tracts of land located in East Baton Rouge Parish presented a petition to the East Baton Rouge Parish Metropolitan Council (“Metropolitan Council”) to annex a body of land into the City of Baton Rouge pursuant to the procedure provided by the *1034 East Baton Rouge Parish Plan of Government, Section 1.09, which provides:
SECTION 1.09
Additions to the Boundaries of the City of Baton Rouge
Whenever a majority in number and amount of property tax payers, as certified by the Assessor, in any compact body of land adjoining the City of Baton Rouge but not part of an industrial area, shall petition the governing body of the city to be included in the boundaries of the City of Baton Rouge the said body shall fix a time, not less than ten nor more than thirty days after the filing of such petition, at which it shall hold a public hearing on the proposal to so extend the boundaries of the City of Baton Rouge. Notice of such hearing and of its time, place, objects and purposes, shall be given by publication twice in the official journal of the parish, which publication shall be completed not less than five days prior to the hearing. The valuation of the property owned by each of the signers of the petition shall be certified by the Parish Assessor as the valuation of such property appears in the last completed assessment of property, provided that he shall take account of subsequent change of ownership and if in any case the property of the present owner has not been specifically assessed the Assessor is authorized and directed to estimate the value of such property. After the conclusion of the hearing the governing body of the city may in its discretion add by ordinance, without additional public hearing, such body of land to the boundaries of the City of Baton Rouge and as such it shall become part of the City of Baton Rouge. Such ordinance shall be published in accordance with law and shall not go into effect until the thirtieth day following its final passage. During 13such period any citizen of the city or the area proposed to be added thereto may file and appeal therefrom in the District Court in the manner and with the effect provided by law. After the conclusion of such period the ordinance shall not be contested or attacked for any reason or cause whatever. (As amended October 20, 2007)
After a public hearing on May 14, 2014, the Metropolitan Council voted in favor of an ordinance granting the petition for annexation.
On June 12, 2014, Louis “Woody” Jenkins, Jr., a citizen of the City of Baton Rouge,[1] filed a petition in the 19th Judicial District Court challenging the annexation. In his petition, Mr. Jenkins alleged that he lives in a “high crime” area of Baton Rouge and has recently been a victim of a crime and would be particularly affected by any reduction in police or fire protection services that would result from the proposed annexation.
The City of Baton Rouge/Parish of East Baton Rouge and the Metropolitan Council (collectively referred to herein as “Defendants”) filed a peremptory exception raising the objection of no right of action on July 7, 2014. Defendants argued that Mr. Jenkins lacks the requisite standing to maintain a suit challenging the annexation under La. R.S. 33:174 and Section 1.09 of the Plan of Government because he does not have a real and actual personal interest in the annexation.
A hearing was held on August 4, 2014, on the defendants’ exception, at which testimony was presented in support of and in opposition to the exception.
*1035 Carl Dabadie,' Chief of the Baton Rouge Police Department, testified that Mr. Jenkins does not live in the same police district as the property to be annexed, and the proposed annexation would have no impact on the police department as a whole or on police protection in the area of Mr. Jenkins’ |4home. Chief Dabadie also testified that if any additional police support became necessary in the future as a result of the annexation, it could be paid for with the additional revenues created by the annexed property. Baton Rouge Fire Chief Edwin Smith also testified that the annexation would not reduce or in any way change fire protection services to Mr. Jenkins’ home. William Buchanan Daniel, IV, the Chief Administrative Officer for the City/Parish of East Baton Rouge, testified that the proposed annexation would have no impact on the Department of Public Works, because the property proposed to be annexed was already within the Department’s service area. Although Mr. Jenkins offered the testimony of Denise Bou-dreaux, crime analyst and criminal records supervisor with the East Baton Rouge Parish Sheriffs Office, that the Mall of Louisiana area, which is part of the property proposed to be annexed, makes up the largest proportion of service calls the Sheriffs Office receives. Ms. Boudreaux testified that she had no knowledge of any impact the annexation would have on services received at Mr. Jenkins’ home. She also explained that both the East Baton Rouge Parish Sheriffs Office and the City of Baton Rouge Police Department have jurisdiction over and can respond to calls for service from Mr. Jenkins’ home.
After hearing arguments from the parties, the district court found that Mr. Jenkins did not have a real and actual interest at stake, sustained the defendants’ exception, and dismissed the suit with prejudice. This devolutive appeal followed. Mr. Jenkins argues that the district court erred in finding that he did not have a right of action under either La. R.S. 38:174 or Section 1.09 of the Plan of Government and that the district court erroneously placed the burden of proof on the exception of no right of action on him.
J^DISCUSSION
Louisiana Code of Civil Procedure article 681 provides that “[ejxcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” This article serves as the basis for the peremptory exception raising the objection of no right of action. La. C.C.P. art. 681, Official Revision Comments-1960(b).
The peremptory exception raising the objection of no right of action tests whether the plaintiff who seeks relief is or is not the person in whose favor the law extends a remedy. La. C.C.P. art. 927(A)(6); Stassi v. State, 11-2264, p. 4 (La.App. 1 Cir. 9/13/12), 102 So.3d 896, 898, writ not considered, 12-2249 (La.11/30/12), 103 So.3d 361. This peremptory exception is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. Evidence supporting or controverting an objection of no right of action is admissible. Falcon v. Town of Berwick, 03-1861, p. 3 (La.App. 1 Cir. 6/25/04), 885 So.2d 1222, 1224.
Initially, we note that the party raising a peremptory exception bears the burden of proof on the exception. Id. Mr. Jenkins alleges on appeal that it appears from the district court’s oral reasons for *1036 judgment that the district court erroneously placed the burden of proof on the exception on him. It is unclear from a review of the record whether Mr. Jenkins is correct that the district court placed the burden on him. However, since the issue of whether a plaintiff has a right of action is a question of law, it is reviewed de novo on | r,appeal. Randy Landry Homes, LLC v. Giardina, 12-1669, p. 4 (La.App. 1 Cir. 6/7/13), 118 So.3d 459, 461. This court owes no deference to the ruling of the district court on an objection of no right of action.
Thus, the sole issue before us on appeal is whether Mr. Jenkins has a right of action, under either La. R.S. 33:174 or Section 1.09 of the Plan of Government, to challenge the annexation. Louisiana Revised Statutes 33:174(A) provides, in pertinent part:
Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits. “Interested”, as used in this Section, means a real and actual personal stake in the outcome of the contest of the extension of the corporate limits.
[Emphasis added.]
Mr. Jenkins’ purported interest in the outcome of the annexation had to do with his assertion that police and fire protection services might be reduced at his home as a result of the annexation. However, the evidence presented at the hearing on the exception established that there would be no impact on police or fire protection services at Mr. Jenkins’ home as a result of the annexation. Therefore, we agree with the district court that Mr. Jenkins has no real and actual personal stake in the annexation as required by La. R.S. 33:174.
Mr. Jenkins next argues that he has a right of action under Section 1.09 of the Plan of Government merely by virtue of being a citizen of the City of Baton Rouge. The portion of Section 1.09 that Mr. Jenkins argues creates a right of action for him states: “During such period any citizen of the city or the area proposed to be added thereto may file and appeal therefrom in the District Coúrt in the manner and with the effect provided by law.” However, the language “in the manner ... provided by law” requires |7us to look to other applicable law. See Board of Elementary and Secondary Education v. Nix, 347 So.2d 147, 151-52 (La.1977) (where the court held the term “provided by law” means “provided by legislation”). Other applicable laws, specifically La. C.C.P. art. 681 and La. R.S. 33:174, clearly require a plaintiff challenging an annexation to have a real and actual personal stake in the outcome of the annexation in order to have a right of action. Thus, we disagree with the assertion that mere citizenship is sufficient to create a right of action. Further, having decided that the evidence- presented by defendants overwhelmingly demonstrated that Mr. Jenkins has no “real and actual personal stake” in the outcome of the annexation, it is evident that he has no right of action to contest the annexation..
CONCLUSION
For the reasons set forth herein, the judgment of the district court sustaining the defendants’ exception raising the objection of no right of action is affirmed. All costs of this appeal are assessed to appellant, Louis “Woody” Jenkins, Jr.
AFFIRMED.

. Although conflicting evidence was presented at the hearing on the exception regarding Mr. Jenkins’ place of residence, the parties stipulated at the hearing that he is a citizen of the City of Baton Rouge.