# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MILITARY ROAD REVITALIZATION
COMPANY, LLC

NO. 2023 CW 1221

VERSUS

ST. TAMMANY PARISH
GOVERNMENT

**MARCH 15, 2024**

---

In Re:   Military Road Revitalization Company, LLC, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 202313320.

---

**BEFORE:   WELCH, WOLFE, AND STROMBERG, JJ.**

**WRIT GRANTED WITH ORDER.**   The portion of the district court's November 8, 2023 judgment which granted, in part, the exception of no right of action filed by defendant is reversed. Defendant, St. Tammany Parish Government, failed to carry its burden of proving that plaintiff, Military Road Revitalization Company, LLC, has no right of action to challenge the moratorium ordinance. Under the facts of this case, plaintiff has a "real and actual personal stake" in challenging the moratorium. **Jenkins v. City of Baton Rouge**, 2014-1235 (La. App. 1st Cir. 3/9/15), 166 So.3d 1032, 1036; La. Code Civ. P. art. 681. Accordingly, we reverse the portion of the district court's judgment granting, in part, defendant's exception of no right of action to the claims based upon allegations of violation of the Code of Ordinances and deny the exception.

The portion of the district court's November 8, 2023 judgment, which denied the preliminary injunction is a final, appealable judgment pursuant to Louisiana Code of Civil Procedure article 3612. Therefore, the writ is granted for the limited purpose of remanding this matter to the district court with instructions to grant an appeal to plaintiff, Military Road Revitalization Company, LLC, pursuant to the pleading that notified the district court of plaintiff's intention to seek writs. See **In re Howard**, 541 So.2d 195, 197 (La. 1989) (*per curiam*). In the event plaintiff, Military Road Revitalization Company, LLC, seeks to appeal the district court's judgment, plaintiff shall submit an order for appeal to the district court on or before fifteen days from the date of this court's order. Additionally, a copy of this court's order is to be included in the appellate record.

**EW**
**TPS**

**Welch, J.,** concurs.   The portion of the district court's November 8, 2023 judgment which granted, in part, defendant's peremptory exception of no right of action, did not dismiss all of plaintiff's claims, and therefore, the judgment constitutes an impermissible partial judgment. See **State, by and through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 43, (en banc), <u>writs denied</u>, 2018-00766, 2018-0758 (La. 9/21/18), 252 So.3d 899, 904.

COURT OF APPEAL, FIRST CIRCUIT

_____

DEPUTY CLERK OF COURT
FOR THE COURT